UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JASON M. GROSS
and other similarly-situated individuals,

    Plaintiff(s),

v.

NEXTERA ENERGY, INC..

    Defendant.
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, JASON M. GROSS, ("Plaintiff") and other similarly-situated individuals, by and through the undersigned counsel, and sues Defendant NEXTERA ENERGY, INC. ("NEX") and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act").

2. Plaintiff is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant is doing business in Palm Beach County Florida where Plaintiff worked for Defendant, and at all times material hereto were and are engaged in interstate commerce.

1

## COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST NEX

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiffs and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in

excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant NEX business activities involve those to which the Fair Labor Standards Act applies. The Defendant is a power company. Plaintiff was employed by Defendant as a non-exempt business market research employee for the Defendant's business.

8. While employed by Defendant from January of 2009 through July 20, 2011, Plaintiff worked an average of 50 hours a week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed except for six months in 2009 when Plaintiff worked an average of 60 hours a week without overtime compensation. Plaintiff was employed as a market research personnel performing the same or similar duties as that of those other similarly-situated market research personnel who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

9. Plaintiff was paid a salary of approximately $1,490 weekly or approximately $29.80 an hour for weeks working approximately 50 hours a week and approximately $24.83 for weeks he worked approximately 60 hours a week from January of 2009 through July 20, 2011 but Plaintiff was not properly compensated for overtime wages for the hours that he worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime

wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint. Plaintiff is owed $14.90 an hour in unpaid overtime for ten hours weekly or $149 a week for 108 weeks or $16,092 liquidated to $32,184 for week while working approximately 50 hours a week and owed $12.41 an hour in unpaid overtime for 20 hours a week or $248.20 for approximately 24 weeks or $5,956.80 liquidated to $11,913.60. Plaintiff is claiming a total of approximately $44,097.60 in unpaid overtime.

10. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

11. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the Fair

4

Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

12. Defendants willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

13. Plaintiff has retained the law offices of the undersigned attorney to represent them in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:

## NEX'S FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINITFF PURSUANT TO 29 U.S.C. 215(A)(3).

14. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

15. This action arises under the laws of the United States.

16. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction. Specifically, the FLSA contains an anti-retaliation that makes it unlawful for employers: to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the Act], or has testified or is about to testify in such proceeding, or has served or is about to serve on an industry committee and oral complaints are covered under the FLSA

17. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate..."

18. On or about on July 1, 2011, just 19 days before termination by constructive discharge, Plaintiff complained to his supervisor Alex Zappani about not receiving overtime as Plaintiff believed he was entitled to get paid overtime for his work in excess of forty hours weekly.

19. On or about on July 15, 2011, just days before the termination, Plaintiff complained to a Human Resource representative Toni Dinnocenzo about not receiving overtime compensation. After this complaint, Mr. Dinnocenzo said to Plaintiff: "We will terminate you if you officially claim you are non-exempt for falsification of records and you owed FPL monies for any weeks where you worked under 40 hours and for bonuses paid" and Defendant, through this HR representative, created a hostile work environment for Plaintiff based on retaliation stemming from the FLSA complaint for unpaid overtime.

20. After the oral complaint for overtime compensation to his supervisor, the work environment became hostile in retaliation for the complaint for overtime. On or about on July 12, 2011, Defendant created a false report regarding Plaintiff's work performance to prepare to fire Plaintiff.

21. On or about on July 20, 2010, Plaintiff was terminated by a constructive discharge based on the request for overtime and in retaliation for the request.

22. The motivating factor which caused Plaintiff's constructive discharge as described above was the complaint seeking overtime wages from the Defendant.

23. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

24. On August 24, 2011, an unemployment hearing officer found that the working conditions were such as to constitute good cause for Plaintiff leaving the job and the benefits were payable because the quitting was with good cause attributable to the employer.

WHEREFORE, Plaintiff requests that this Honorable Court:

Enter judgment against the Defendant for all back wages from the date of discharge to the

present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

A. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

B. Plaintiff demands a trial by jury as to each count of this complaint.

### JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: 9-1-11

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
11900 Biscayne Boulevard
Suite 288
Miami, Florida 33181
Tel. (305) 416-5000
Fax: (305) 416-5005

By: _____
Jason S. Remer, Esq.
Florida Bar Number: 0165580